UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| STEVEN D. LISLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-01389-MMM |
| | ) | |
| LATOYA HUGHES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently in prison at Pontiac Correctional Center, asserts allegations regarding violations of Plaintiff's constitutional rights.

A.  Motion to Request Counsel

Plaintiff's Motion to Request Counsel (Doc. 3) is before the Court.

The Court must determine first whether Plaintiff has made a reasonable attempt to find an attorney on Plaintiff's own (or if Plaintiff has been prevented from doing so), and if so, then second whether Plaintiff is able to litigate the action without counsel. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

Plaintiff has not shown a reasonable attempt to find a lawyer, or that Plaintiff was prevented from doing so, before seeking Court assistance. Plaintiff must do so before requesting court assistance in this regard. This is normally accomplished by contacting several civil rights attorneys regarding the specific allegations in this specific case and requesting representation in this lawsuit as to those specific allegations, then

providing the Court with copies of such letters sent, as well as any responses received, in support of any future request for Court assistance in finding a volunteer lawyer.

B.  Merit Review

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names Pontiac Warden Mindi Nurse and IDOC Director Latoya Hughes as Defendants.

Plaintiff alleges that Illinois' Truth in Sentencing Law, which requires persons convicted of certain crimes to serve one hundred percent of their sentences, is unconstitutional as applied to him. Plaintiff was twenty years old when Plaintiff committed the crime for which Plaintiff is in prison. Illinois' juvenile justice statute in certain respects defines persons under age twenty-one as minors. Plaintiff asserts that Plaintiff's thirty-seven-year sentence is a de facto life sentence since as Plaintiff must serve one hundred percent of it and cannot earn sentencing credit. Because Plaintiff was

a minor under certain provisions of Illinois statute at the time of the crime, Plaintiff asserts the statute is unconstitutional.

Plaintiff's attack on Illinois' Truth in Sentencing Law is not a proper § 1983 claim. The Court cannot order Plaintiff released from prison in this Section 1983 suit, *see Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003), and that is the thrust of the claim, though Plaintiff also seeks millions of dollars in damages.

Even if Plaintiff could proceed on an as applied challenge to the constitutionality of Illinois' truth in sentencing statute in this lawsuit, Plaintiff would not be entitled to relief. *See Jones v. Mississippi*, 593 U.S. 98 (2021) (discussing the limitations on the constitutional protections for minors tried as adults). First, Plaintiff was twenty years old when Plaintiff committed the first-degree murder and aggravated battery for which Plaintiff is in prison. The Supreme Court cases Plaintiff's argument is based on relate to criminal defendants *under eighteen* years of age at the time of their offense who were sentenced to *life without parole*. *Miller v. Alabama*, 567 U.S. 460, (2012); *Montgomery v. Louisiana*, 577 U.S. 190 (2016), *as revised* (Jan. 27, 2016). They do not clearly apply to individuals like Plaintiff, who was a minor as defined by certain provisions of Illinois law, but was years older than the traditional eighteen-year-old age of majority. And though Illinois' Juvenile Court Act does include definitions of "adult" and "minor" with a determining age of twenty-one, that statute also makes dozens and dozens of distinctions regarding the treatment of individual based on whether they are under eighteen years of age, which remains the age of majority for the overwhelming majority of applications in civil life. *E.g.*, 705 ILCS 405/5-120 ("… no minor who was *under 18*

*years of age* at the time of the alleged offense may be prosecuted under the criminal laws of this State.") (emphasis added).

More, though Plaintiff contends the thirty-seven-year sentence is a de facto life sentence, that conclusory assertion is not plausible. Plaintiff's projected parole date is August 2040, at which time Plaintiff would be fifty-seven years old. While Plaintiff will have spent many years in prison, Plaintiff has not plausibly alleged that would exceed Plaintiff's life expectancy. *See Sanders v. Eckstein,* 981 F.3d 637, 643 (7th Cir. 2020) (denying habeas relief on similar theory to petitioner sentenced to one-hundred-forty years for crimes committed at age fifteen, where the petitioner would be eligible to petition for parole at age fifty-one); *Krol v. Calhoun,* No. 16 CV 11595, 2019 WL 5592757, at *14 (N.D. Ill. Oct. 30, 2019), *aff'd sub nom. Krol v. Kennedy*, 818 F. App'x 547 (7th Cir. 2020) (finding no de facto life sentence when petitioner would be released at 56); *Mitchell v. Greene*, No. 18-CV-04317, 2021 WL 1998237, at *8 (N.D. Ill. May 18, 2021) (same with release at 57).

The Court notes that Plaintiff filed this lawsuit on September 15, 2025. In an Order entered on July 21, 2025, in Plaintiff's Central District of Illinois case no. 1:25-cv-01090-MMM, the Court addressed this exact same claim, and found Plaintiff's allegations did not state a claim. So, in addition to lacking merit, Plaintiff was on notice that this claim had been dismissed as meritless at the time Plaintiff drafted the instant complaint. By bringing the claim again, in a new suit filed approximately sixty days later, Plaintiff appears to pursue the instant litigation frivolously, maliciously, or both. It appears that Plaintiff hoped for a different result by re-presenting the claim, which

wastes judicial time and is an abuse of the judicial process. Plaintiff would be entitled to appeal the Court's merit review ruling at the conclusion of the 1:25-cv-01090-MMM case. But apparently to short-circuit that process, Plaintiff has brought the instant suit instead of following the established process.

Finally, to the extent Plaintiff includes any other fragments of allegations within the pleading that are unrelated to the constitutional claim about the sentencing statute, such allegations are entirely devoid of date, time, or any other specifics that could put any Defendant on notice of a legal claim against them.

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motion to Request Counsel [3] is DENIED.**

2. **Plaintiff's Motion to Correct Filing Fees [7] is DENIED. The Clerk's finance staff is reviewing payments received from Plaintiff. The Court received Plaintiff's initial partial filing fee of $31.94 in this action on October 22, 2025. No further action is appropriate in this action at this time as to the fee.**

3. **Plaintiff's Complaint does not state a claim for relief. Plaintiff is allowed 14 days to file an amended complaint if Plaintiff believes such document can be presented in good faith. If Plaintiff does not do so this action will be dismissed for failure to state a claim.**

Entered this 13th day of November, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE